IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES AGGREY-KWEGGYIRR ARUNGA, et al.,

      Plaintiffs,

  v.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al.,

      Defendants.

_____/

No. CIV S-08-2525 GEB DAD PS

ORDER

      Motions to dismiss filed in this case by thirty-one defendants on December 23, 2008 and by the ACLU defendants on December 30, 2008 have been properly noticed for hearing before the undersigned on February 13, 2009.  The Status (Pretrial Scheduling) Conference previously set for February 20, 2009 before the undersigned will be vacated as premature and will be rescheduled at a later time.[1]

      The parties are advised that this case has been designated a pro se case pursuant to Local Rule 72-302(c)(21).  In accordance with that rule, all pretrial matters, including dispositive and non-dispositive motions, are to be addressed by the undersigned in an order or in findings

---

[1] An answer has been filed by defendants James, Fox, Dick James and Associates, Inc., Zambrean, Sapp, and Brookside Manzanita.

1

and recommendations, as appropriate under 28 U.S.C. § 636.  The parties are further advised that Local Rule 78-230 governs civil motion procedure.[2]  In particular, the pro se plaintiffs are referred to Local Rule 78-230(c) for information about their obligation to file timely opposition to defendants' motions and to appear for the hearing of the motions.  The failure of either plaintiff to file timely opposition or to appear for a hearing may result in a recommendation that the plaintiff's claims be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  See Local Rules 11-110 and 83-183.

        The docket for this case reflects that on December 1, 2008, the pro se plaintiffs filed an 88-page document titled "Notice of and Sequence of Discoveries for Pre-Trial and Trial Preprations [sic]" (Doc. No. 17), and on December 8, 2008, the pro se plaintiffs filed an identically-titled 14-page document (Doc. No. 20).  The first document demanded information and documents from defendant Balter within 14 days or by December 19, 2008, and also demanded that the defendant "File the Originals" with the court and send copies to the plaintiffs.  The second document appears to concern service of process rather than discovery.  To the extent that these documents were intended to be discovery requests, they have been filed with the court in violation of Local Rules 33-250, 34-250, and 36-250, which provide that discovery requests, responses, and proofs of service thereof "shall not be filed with the Clerk" except as specified in these rules.  Plaintiffs are cautioned that Federal Rules of Civil Procedure 26 through 37 govern discovery in federal district courts.  No party may unilaterally demand discovery responses in less time than required by the applicable rule, and no party may demand that another party file original documents with the court.  Plaintiffs' improperly filed discovery documents will therefore be disregarded.

        On December 29, 2008, plaintiffs filed a document titled, in part, "Arunga and Lee Notice for Certificate of Readiness; and of Motion to Set a Jury Trial Date" (Doc. No. 30).

---

[2] However, civil motion procedure pertaining to discovery is governed by Local Rule 37-251.

1  Plaintiffs' notice purports to set their motion for hearing on January 16, 2009 at 9:59 a.m.  In the
2  motion, plaintiffs assert that they are ready to begin a jury trial in this matter on February 6,
3  2009.  Plaintiffs' notice of motion is not in compliance with Local Rule 78-230(b), which
4  requires that a motion be noticed for hearing not less than 31 days after the motion is served by
5  mail.  In addition, plaintiffs' notice of motion fails to set the motion for the time at which the law
6  and motion calendar for the undersigned is called.  Finally, plaintiffs' motion is without merit, as
7  this case is not ready for trial and will not be ready for trial until all issues regarding service of
8  process and jurisdiction have been resolved, and all parties have had sufficient time for discovery
9  and for motion practice.  Plaintiffs' motion will be denied.

10             In accordance with the above, IT IS ORDERED that:

11             1. The Status (Pretrial Scheduling) Conference set for February 20, 2009 at 11:00
12  a.m. is vacated, and no status report shall be filed by any party at this time;

13             2. Plaintiffs' discovery documents filed December 1, 2008 (Doc. No. 17) and
14  December 8, 2008 (Doc. No. 20) will be disregarded, and the Clerk of the Court shall so note on
15  the docket; and

16             3. Plaintiffs' December 29, 2008 motion to set jury trial (Doc. No. 30) is denied.
17  DATED: January 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

21  DAD:kw
Ddad1\orders.prose\arunga2525.ord.vacsc