IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES AGGREY-KWEGGYIRR
ARUNGA and DOREEN H. LEE,

    Plaintiffs,   No. CIV S-08-2525 GEB DAD PS

  vs.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, et al.,   ORDER

    Defendants.
_____/

        The pro se plaintiffs have filed an ex parte motion to disqualify the undersigned from presiding over this case. Plaintiffs assert without explanation that the undersigned "has shown bias against pro se and non-white plaintiffs." Plaintiffs do not cite a legal basis for their motion, and they have not noticed their motion for hearing, as required by the Local Rules.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

        Remarks made during the course of a judicial proceeding ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion or

1  "such a high degree of favoritism or antagonism as to make fair judgment impossible." <u>Liteky v.
2  United States</u>, 510 U.S. 540, 554 (1994).  Where the source of alleged bias or prejudice is a
3  judicial proceeding, the plaintiff must show a disposition on the part of the judge that "is so
4  extreme as to display clear inability to render fair judgment." <u>Liteky</u>, 510 U.S. at 551.
5  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course
6  of current proceedings do not constitute a basis for a bias or partiality motion unless they display
7  a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u> at 555.

There is no merit to plaintiffs' motion to disqualify.  Plaintiffs have not cited any evidence of bias against pro se parties or against non-white parties, and the undersigned has no such bias.  The undersigned maintains impartiality in all cases and will continue to do so.  The court's orders in this case have not stemmed from an extrajudicial source, do not reflect that the court cannot be impartial in this action, and do they display favoritism or antagonism.  Plaintiffs' motion to disqualify will therefore be denied.

IT IS HEREBY ORDERED that plaintiffs' February 13, 2009 ex parte motion to disqualify the undersigned (Doc. No. 51) is denied.

DATED: February 19, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/arunga2525.mot.disqualify

2