IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES AGGREY-KWEGGYIRR
ARUNGA and DOREEN H. LEE,

        Plaintiffs,                    No. CIV S-08-2525 GEB DAD PS

    vs.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, et al.,          ORDER

        Defendants.
_____/

        This case came before the court on February 13, 2009 for the hearing of two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  The first motion was filed on December 23, 2008 by thirty-one current or former employees or board members of the Sacramento Public Library Authority (the Library defendants).  The second motion was filed on December 30, 2008 by defendants American Civil Liberties Union Foundation, Nicole Ozer, American Civil Liberties Union, and American Civil Liberties Unions Legislative Office (the ACLU defendants).

        At the hearing, plaintiffs James Aggrey-Kweggyirr Arunga and Doreen H. Lee, proceeding pro se, appeared in propria persona.  Kristina L. Gagne', Esq. appeared for the Library defendants, and Stephen V. Bomse, Esq. appeared for the ACLU defendants.

1

For the reasons stated on the record, both motions to dismiss will be granted, and the attempted service on all moving defendants will be quashed.

LEGAL STANDARDS APPLICABLE TO RULE 12(b)(5) MOTIONS

A defendant may assert by motion the defense of insufficient service of process. Fed. R. Civ. P. 12(b)(5). This defense tests the validity of service and challenges the court's power to adjudicate. See Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial (2008) § 9:5.2.

When the validity of service of process is properly contested by a Rule 12(b)(5) motion, the burden is on the plaintiff to establish the validity of the service of process that was performed on his or her behalf. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3rd Cir. 1993); Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985). A process server's return of service is generally accepted as prima facie evidence that service was effected and that it was effected in the manner described in the return. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993).

If a Rule 12(b)(5) motion is granted, the court should quash the invalid service rather than dismiss the action, if it appears that effective service can be made and there has been no prejudice to the defendant. Umbenhauer v. Wong, 969 F.2d 25, 31 (3rd Cir. 1992).

ANALYSIS

Plaintiffs' returns reveal that service of process on the thirty-five moving defendants was attempted by an individual named Leopoldo M. Padilla. Mr. Padilla effected service of process on the thirty-one Library defendants, all of whom are individuals, by delivering a copy of the summons and complaint to "Diana B. Balter" at 700 H Street in Sacramento, California on November 24, 2008. (Doc. No. 14.) Mr. Padilla attempted service of process on the ACLU defendants – three entities and one individual – by delivering a copy of the summons and complaint to the ACLU legislative office at 1127 11th Street, #534, in Sacramento, California on November 24, 2008. (Doc. No. 15.)

1    Both returns indicate that the complaint, summons, and other documents "were
2 served, personally, upon defendants."  The return for the Library defendants further indicates that
3 Balter is "an authorized counsel to received [sic] & accept said legal instruments, in behalf of
4 captioned defendants listed from 5 through 44," while the return for the ACLU defendants
5 indicates that "A.C.L. Unions" at 1127 11th Street in Sacramento is "an authorized AGENCY to
6 received [sic] & accept said legal instruments, in behalf of captioned defendants listed from 1
7 through 4."  (Docs. No. 14 & 15.)  It is undisputed that the service described in these two returns
8 is the only service attempted on the thirty-one Library defendants and the four ACLU defendants
9 who have moved to dismiss the complaint for insufficient service of process.

10    Despite the process server's assertions that process was "served, personally, upon
11 defendants," the returns do not demonstrate personal service on any of the moving defendants.
12 This is so because "personal service" means "actual delivery of the notice or process to the
13 person to whom it is directed."  Black's Law Dictionary 1164 (7th ed. 1999).  Here, process was
14 not served by actual delivery to each of the thirty-one Library defendants and each of the four
15 ACLU defendants to whom process was directed.  Thus, on their face, plaintiffs' returns do not
16 demonstrate personal service pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) (authorizing
17 service by "delivering a copy of the summons and of the complaint to the individual personally").

18    Nor do plaintiffs' returns demonstrate service pursuant to Rule 4(e)(2)(C), which
19 authorizes service by "delivering a copy of each to an agent authorized by appointment or law to
20 receive service of process."  Although the process server asserts that Balter is "an authorized
21 counsel to received [sic] & accept said legal instruments, in behalf of captioned defendants listed
22 from 5 through 44," the moving Library defendants have filed a declaration by Diane Balter in
23 which she states that she is General Counsel for the Sacramento Public Library Authority and has
24 never been an agent for or authorized to accept service of summons on behalf of the 31 Library
25 defendants who have moved for dismissal.  Library Def'ts' Mot. to Dismiss, Decl. of Diane
26 Balter at 1-4 (Doc. 26, ECF pages 61-64).  Plaintiffs have offered no evidence to the contrary.

Although the process server asserts that "A.C.L. Unions" at 1127 11th Street in Sacramento is "an authorized AGENCY to received [sic] & accept said legal instruments, in behalf of captioned defendants listed from 1 through 4," that assertion is contradicted by the declaration of Alan L. Schlosser, legal director of the American Civil Liberties Union of Northern California. Declarant states of his own personal knowledge that Amanda Sheldon, the individual to whom process was delivered by plaintiffs' process server, is not an officer, director, or managing agent of any of the ACLU defendants and has not been appointed or authorized to accept service on behalf of any of the ACLU defendants. Again, plaintiffs have offered no evidence to the contrary.

Federal Rule of Civil Procedure 4(e), which governs service on individuals within the United States, provides for additional means of service, but it is evident from plaintiffs' returns that no attempt was made to leave a summons and complaint at any defendant's residence, as prescribed by Rule 4(e)(2)(B). Nor do the returns demonstrate compliance with the requirements of California law for serving a summons in an action brought in that state's courts, as permitted by Rule 4(e)(1). See Library Def'ts' Mot. to Dismiss at 3-4. The court finds that plaintiffs' returns fail to demonstrate proper service on the thirty-one individual Library defendants or individual ACLU defendant Nicole Ozer.

Corporations and associations must be served in accordance with Federal Rule of Civil Procedure 4(h). Plaintiffs' returns do not demonstrate that the three ACLU entities were served in compliance with the requirements of California law for serving an individual defendant or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A) & (B). The court finds that plaintiffs' returns fail to demonstrate proper service on the three ACLU entity defendants.

/////

Plaintiffs have not carried their burden to establish the validity of service of process on the thirty-five moving defendants. Defendants' motions to dismiss for insufficient service of process will be granted. In the interest of justice, the court will quash the invalid service rather than dismiss the action. Because other motions to dismiss are pending, the court has instructed plaintiffs not to initiate further attempts to serve these thirty-five defendants at the present time. The court finds good cause to extend plaintiffs' time for service of these defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procdure.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 23, 2008 motion to dismiss (Doc. No. 26) brought by thirty-one defendants is granted;

2. The December 30, 2008 motion to dismiss (Doc. No. 31) brought by four defendants is granted;

3. Invalid service of process attempted on defendants Andrews, Bagdassari, Brown, Budge, Cantin, Carey, Dahlberg, Dentan, Dickinson, Freeman, Garcia, Gold, Gyerkoe, Holmes, Johnson, Kimura, Landers, McCarty, Motiey-Payandehjoo, Nichelini, Palmer, Pannell, Peters, Phipps, Quinn, Reinwald, Snell, Teichert, Tretheway, Tucker, Waters, Ozer, American Civil Liberties Union Foundation, American Civil Liberties Union, and American Civil Liberties Unions Legislative Office is quashed; and

4. Plaintiffs shall not initiate further attempts to serve these thirty-five defendants at the present time; good cause appearing, plaintiffs' time for service of these defendants is extended beyond the 120 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.

DATED: February 20, 2009.

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/arunga2525.oah.021309

5