IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES AGGREY-KWEGGYIRR ARUNGA and DOREEN H. LEE, | | |
| Plaintiffs, | | No. CIV S-08-2525 GEB DAD PS |
| vs. | | |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al., | | ORDER |
| Defendants. | | |
| _____/ | | |

This case came before the court on February 20, 2009 for the hearing of defendant Diane Balter's January 13, 2009 motion to dismiss or for more definite statement. Plaintiffs James Aggrey-Kweggyirr Arunga and Doreen H. Lee, proceeding pro se, appeared in propria persona. Kristina L. Gagne', Esq. appeared telephonically for defendant Balter.

For the reasons set forth below, defendant Balter's motion will be granted and plaintiffs' complaint will be dismissed with leave to amend.

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

I. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

1

Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984). As the Supreme Court recently explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989). For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). In addition, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

II. Federal Rule of Civil Procedure 12(e)

Rule 12(e) is designed to strike at unintelligibility, rather than want of detail. See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). It is not the function of such a motion to require the pleader to provide evidentiary material that may properly be obtained by discovery. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if a pleading meets federal standards by providing a "short and plain statement" of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

## ANALYSIS

The judicial power of the United States is vested in the Supreme Court "and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Congress confers jurisdiction upon the federal district courts, as limited by the Constitution. U.S. Const. Art. III, § 2; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992). District courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes that regulate specific subject matter may also confer federal jurisdiction. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Fed. Civ. Proc. Before Trial (2008) § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. Bell v. Hood, 327 U.S. 678, 682 (1945). A federal claim that is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S.

Ct. 1372, 1379-80 (1974). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.").

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must, at a minimum, establish the court's jurisdiction, identify the defendants, state the relief sought, and give fair notice of the claims to the defendants. See Fed. R. Civ. P. 8(a) (providing that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). See also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, defendant Balter asserts that the complaint filed by plaintiffs is unintelligible and that plaintiffs have cited numerous federal, state, and local rules and statutes without presenting any type of statement or any set of factual allegations which would serve to notify her of what plaintiffs are alleging against her or which would establish that she is liable to them under any of the legal theories alluded to by citation. Describing the complaint as full of verbose allegations that do nothing to notify her of the claims against her, defendant argues that plaintiffs' complaint cannot be construed as alleging a cognizable legal theory or sufficient facts to support a cognizable legal theory against her. On these grounds, defendant requests that the court dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. In the alternative, defendant Balter argues that plaintiffs' complaint is so vague and ambiguous that she cannot frame a responsive pleading, and on that ground she requests that the court order plaintiffs to prepare a more definite statement of their claims.

The undersigned has examined plaintiffs' complaint and finds that defendant's arguments are well taken. In the absence of specific allegations concerning each defendant's actions or conduct, it is impossible to determine why any individual defendant is being sued and

whether either plaintiff may be entitled to any form of relief from any defendant. Upon consideration of plaintiffs' complaint and plaintiffs' opposition to defendant Balter's motion, as well as the entire file, the undersigned finds that plaintiffs' complaint fails to comply with the minimum requirements of Rule 8.

Although plaintiffs allege that they are victims of defendants' violations of state and federal laws, for which plaintiffs seek injunctive relief and damages, plaintiffs' fail to identify the laws that have been violated by specific defendants[1] and set out the facts concerning the alleged violations. Plaintiffs assert jurisdiction based on federal question arising under the Civil Rights Act of 1964, but their jurisdictional statements do not identify any specific federal statutes or constitutional provisions that give rise to federal-question jurisdiction. Compl. at 5-6. In a summary paragraph at the end of the complaint, plaintiffs list jurisdictional statutes and cite "Title 18," RICO, and the First and Fourteenth Amendments. Compl. at 17. The twelve pages in between fail to present a short and plain statement of claims showing that either plaintiff is entitled to relief on any claim against any defendant.

The Civil Rights Act of 1964 provides that

> [e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and ultimately prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential

---

[1] Throughout the pleading, plaintiffs refer generally to "defendants." The caption purports to enumerate 59 defendants, although several numbered entries list multiple individuals or a combination of individuals and entities. For example, enumerated defendant No. 32 is "All-Phase Security, Inc., Supervisor Michael S. and Security Guard Clarence."

element of a § 1983 case, and it is the plaintiff's burden to establish that this element exists. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiffs' complaint fails to allege facts demonstrating that each defendant acted under color of state law. If plaintiffs wish to pursue § 1983 claims against the ACLU defendants and the Dick James defendants, for example, plaintiffs must allege facts that will cure this defect. As to all defendants, plaintiffs' complaint fails to allege specific facts concerning each defendant's violation of plaintiffs' rights and fails to explain how any conduct complained of resulted in a deprivation of both plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The allegations of plaintiffs' complaint are so vague, conclusory, and, in some instances, unintelligible that the court is unable to determine whether the entire action is frivolous. The court has determined, however, that the complaint does not contain the short and plain statement of claim required by Federal Rule of Civil Procedure 8(a)(2) and does

1  not give each defendant fair notice of plaintiffs' claims.  See Jones v. Community Redev.
2  Agency, 733 F.2d 646, 649 (9th Cir. 1984).
3         Because plaintiffs' complaint does not comply with the requirements of Rule 8,
4  the complaint must be dismissed.  The court will, however, grant leave to file an amended
5  complaint.  Plaintiffs' amended complaint must contain factual allegations that are succinct yet
6  sufficient to show that particular acts by each defendant resulted in the violation of one or both of
7  plaintiffs' federal rights.  The amended complaint must allege in specific terms how each named
8  defendant was involved with the violations of plaintiffs' rights.  There can be no liability under
9  42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's
10 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
11 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
12         Plaintiffs' amended complaint must identify the federal rights violated by each
13 defendant and clarify whether a defendant has violated plaintiff Arunga's rights or plaintiff Lee's
14 rights, or both.  If plaintiffs allege that a defendant has violated the rights of both plaintiffs, the
15 complaint must include factual allegations that support the assertion.  Plaintiffs are cautioned that
16 exhibits may not be substituted for factual allegations that support plaintiffs' claims.
17         Plaintiffs' amended complaint will supersede the complaint that has been
18 dismissed by the court.[2]  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Pursuant to Local
19 Rule 15-220, plaintiffs' amended complaint must be complete in itself without referring to or
20 incorporating the prior pleading or any part of it, and neither the court nor the parties can refer to
21 plaintiffs' initial complaint to make the amended complaint complete.
22 /////

---

[2] At the hearing of defendant Balter's motion, plaintiff Arunga asserted that plaintiffs have a right to amend.  Plaintiff Arunga is in error.  Plaintiffs' right to amend their pleading as a matter of right expired on December 12, 2008, when the Dick James defendants filed an answer to plaintiffs' complaint.  See Fed. R. Civ. P. 15(a)(1) (a party may amend its pleading once as a matter of course "before being served with a responsive pleading").  Plaintiffs may amend their pleading only with the consent of all parties or with leave of court.  Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Balter's January 13, 2009 motion to dismiss or for more definite statement (Doc. No. 37) is granted, and the complaint is dismissed with leave to amend.

2. Plaintiffs' amended complaint shall be filed with the court within thirty days after this order is filed; the amended complaint must bear the case number assigned to this case, must be titled "First Amended Complaint," must identify in the caption all defendants against whom plaintiffs now wish to proceed, and must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

3. The Clerk shall not issue any summons upon the filing of plaintiffs' amended complaint, pending further order of the court.

4. Plaintiffs shall arrange for service, by regular mail, of one true and exact copy of their amended complaint upon counsel for the defendants who have appeared in the action without challenging the sufficiency of service of process:  Kristina Gagne', Esq. (for defendants Diane Balter, Alison Landers, Richard Teichert, Christopher Freeman, Shelley Andrews, and Sandi Palmer) and Robert Whitworth, Esq. (for defendants Dick James, individually; Danelle Fox, individually; Dick James and Associates, Inc., a California corporation; Sophie Zambrean, individually; Nathaniel Sapp, individually; and Brookside Manzanita, a California Limited Partnership, believed to have been sued as Brookside Apts., Inc. and Manzanita/Brookside); plaintiffs shall not attempt service of the amended complaint on other parties until the court has directed the Clerk to issue summons and has ordered plaintiffs to effect service.

5. Defendants shall not respond to plaintiffs' amended complaint until ordered to do so.

6. The January 20, 2009 motion to dismiss or for more definite statement (Doc. No. 40) filed by defendants Dick James, Danelle Fox, Dick James and Associates, Inc., Sophie Zambrean, Nathaniel Sapp, and Brookside Manzanita, a California Limited Partnership, is denied as moot, and the motion is dropped from the court's February 27, 2009 calendar.

7. The February 9, 2009 motion to dismiss or for more definite statement (Doc. No. 46) filed by defendants Alison Landers, Richard Teichert, Christopher Freeman, Shelley Andrews, and Sandi Palmer is denied as moot, and the motion is dropped from the court's March 13, 2009 calendar.

DATED: February 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/arunga2525.oahmtd.022009