IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES AGGREY-KWEGGYIRR
ARUNGA and DOREEN H. LEE,

      Plaintiffs,                    No. CIV S-08-2525 GEB DAD PS

      vs.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION, et al.,        FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      This case came before the court on February 20, 2009 for the hearing of plaintiffs' January 15, 2009 motion for restraining order or injunctive relief. Plaintiffs James Aggrey-Kweggyirr Arunga and Doreen H. Lee, proceeding pro se, appeared in propria persona. Kristina L. Gagne', Esq. appeared telephonically for Sacramento Public Library defendants.

      Upon consideration of plaintiffs' motion and defendants' opposition, as well as the entire file, the undersigned will recommend that plaintiffs' motion be denied.

      LEGAL STANDARDS APPLICABLE TO PLAINTIFFS' MOTION

      Although plaintiffs seek "permanent Restraining and or Injunctive Relief," their request for permanent injunctive relief is premature. Such relief is generally available, if at all, only at the conclusion of an action, after the plaintiffs have prevailed on their claims. In the

1

present case, by separate order filed concurrently with these findings and recommendations, the plaintiffs' complaint has been dismissed with leave to amend. The majority of the defendants named in the original complaint have not been properly served with process, and many defendants have not yet appeared in the action for any purpose. Accordingly, plaintiffs' motion for permanent injunctive relief is construed as a motion for preliminary injunctive relief.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

Speculative injury does not constitute irreparable harm. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); Caribbean Marine Servs. Co., 844 F.2d at 674.

A preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). As a general rule, the court cannot issue orders against individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (holding that it was

error for the lower court to enforce an order against a nonparty without having determined, in a proceeding to which the nonparty was a party, that the nonparty acted in concert with the defendants and received actual notice of the order by personal service or otherwise).

A request for preliminary injunctive relief filed in the United States District Court for the Eastern District of California "shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with provision for bond." Local Rule 65-131(d).

## ANALYSIS

Plaintiffs request

> permanent Restraining and or Injunctive Relief against SPL [Sacramento Public Library] Defendants, their plotted and or carried out hatecrimelike [sic] hostile environment, oppressive finaglings, retaliatory harassments and non-professional evaluations compounded with hatelike and unverifiable false statements; intended to damage Plaintiff [sic] outstanding educated innocence as Victims of Violations of State and Federal Laws.

(Pl.s' Mot. for Injunctive Relief at 1.) Plaintiffs seek injunctive relief against three defendants who have moved to dismiss plaintiffs' claims against them for failure to state any claim upon which relief may be granted (Alison Landers, Shelly Andrews, and Sandi Palmer), one defendant as to whom defective service of process has been quashed (Claudia Carey), one defendant who has not yet appeared in the action (Charles A. Catagnus), and an unknown number of individuals who are not parties to this action (Brendle Wells, Sabrina Hill, and "their recruited agent(s) send [sic] out to do harm and to cause physical injuries against the Plaintiffs").

Plaintiffs set out allegations concerning plaintiff Lee's employment history with the Sacramento Public Library and complain of various personnel actions and the conduct of other library personnel toward her. Plaintiffs do not set out any allegations or arguments in support of plaintiff Arunga's motion for injunctive relief against the specified library personnel. Plaintiffs' motion was not accompanied by a brief on any of the numerous legal issues presented

by their motion, by any affidavits in support of the existence of an irreparable injury that will be suffered by either plaintiff if injunctive relief is not granted, or by a proposed order.

The court finds that plaintiffs' motion fails to demonstrate a presently existing actual threat to either plaintiff. Plaintiffs' request for broad injunctive relief has not been narrowly drawn, appears to extend further than necessary to correct the harm alleged by plaintiffs, and does not appear to be the least intrusive means necessary to correct any harm suffered by either plaintiff. The undersigned will recommend that plaintiff's request for injunctive relief be denied without prejudice for failure to comply with the requirements of Local Rule 65-231(d) and the legal standards applicable to motions for injunctive relief. The motion is also premature in the absence of a pleading that states cognizable claims.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' January 15, 2009 motion for injunctive relief (Doc. No. 39) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file and serve written objections. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/arunga2525.oahmpi.022009