IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAMES AGGREY-KWEGGYIRR ARUNGA AND DOREEN H. LEE, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al., <br><br> Defendants. | No. 2:08-CV-2525 GED DAD <br><br> ORDER DENYING EX PARTE MOTION TO RECUSE <br><br> (Document #66) |

**BACKGROUND**

On April 16, 2009, Plaintiffs filed an ex parte motion to reassign this action from the dockets of United States District Court Judge Garland E. Burrell and United States Magistrate Judge Dale A. Drozd. The ex parte motion is not directed to either Judge Burrell or Judge Drozd. Rather, the motion requests that it be heard by the Chief Judge for the Eastern District of California. The basis of Plaintiffs' request appears to be Plaintiffs' amended complaint. The amended complaint names Judge Burrell and Judge Drozd as Defendants. The amended complaint offers no real cause of action against Judge Burrell and Judge Drozd, except Plaintiffs' obvious disagreement with these Judges' prior rulings in this action.

**DISCUSSION**

Plaintiffs have cited no authority for the proposition that a Chief Judge for a District Court may remove another judge from an action. A motion for recusal must be decided by the judges whose impartiality is being questioned. In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Silba, 624 F.2d 864, 868 (9th Cir. 1980). As such, Plaintiffs should have addressed their motion to Judge Burrell and Judge Drozd, who are the judges assigned to this action. To the extent the undersigned has any authority to review the motion, it would come from Local Rule Appendix A(f), which allows the Chief Judge, with the approval of the Court en bank, to make "such other assignments, reassignments or related orders as are conducive to the equitable division and just, efficient and economical determination of the business of the Court." The Local Rule Appendix does not include reassignments based on the Chief Judge's finding that recusal is necessary.

Regardless, Plaintiffs have provided no reason to recuse Judge Burrell and Judge Drozd from this action. The exact basis of Plaintiffs' recusal request is unclear. Speculative and conclusory allegations fail to establish legally sufficient grounds for recusal. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). It appears Plaintiffs are attempting to recuse Judge Burrell and Judge Drozd because Plaintiffs added these Judges as Defendants when they filed the amended complaint. A judge is not required to grant a recusal request merely because the plaintiff has filed an amended complaint naming the judge as a defendant. See Stone v. Baum, 409 F.Supp.2d 1164, 1175 & n.5 (D.Ariz. 2005). Plaintiffs' amendment to include Judge Burrell and Judge Drozd is based on unhappiness with their rulings in this action. For example, Judge Drozd has already ruled that he will not recuse himself. Plaintiffs' attempts to "get around" Judge Drozd's rulings by amending the complaint to include Judge Drozd as a Defendant will not be tolerated.

A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 555 (1994)

(citation omitted). The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544-56. Normally, rulings by a court during the course of an action cannot be extra-judicial conduct. Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell, 543 F.3d at 1044. However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555-56; Pesnell, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; Chischilly, 30 F.3d at 1149. Plaintiffs do not allege any "extrajudicial source" for Judge Burrell's and Judge Drozd's alleged bias. Nor do Plaintiffs demonstrate such a deep-seated favoritism on the part of these Judges as to make fair judgment impossible. Thus, Plaintiffs have failed to meet the standard for recusal.

Finally, the amended complaint fails to even state a claim against Judge Burrell and Judge Drozd. The implied bad acts by these Judges are judicial acts taken within the court's subject matter jurisdiction. As such the Judge Burrell and Judge Drozd are immune from suit. Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir.2003); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Thus, recusal is not warranted.

//
//
//

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiffs' ex parte motion to reassign this action (Document #66) is DENIED; and

2. This action is REFERRED back to Judge Drozd to review the amended complaint.

IT IS SO ORDERED.

Dated: **April 27, 2009**   /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE