IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES AGGREY-KWEGGYIRR ARUNGA and DOREEN H. LEE,

    Plaintiffs,

vs.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION, et al.,

    Defendants.

No. CIV S-08-2525 GEB DAD PS

FINDINGS AND RECOMMENDATIONS

This matter is before the court for consideration of plaintiffs' timely filed first amended complaint.

By order filed February 24, 2009, the court granted defendant Balter's motion to dismiss, denied other pending motions to dismiss as moot, and granted plaintiffs leave to file an amended complaint. The Clerk of the Court was directed not to issue any summons upon the filing of the amended complaint, pending further order of the court. Plaintiffs were ordered not to respond to plaintiffs' amended complaint until ordered to do so.

In the February 24, 2009 order, the court explained to plaintiffs that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

1

Dismissal of a complaint or a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The court may dismiss a claim as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

In order to state a claim on which relief may be granted, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In determining whether a complaint states a plausible claim for relief, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989). The court holds pro se pleadings to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The court's February 24, 2009 order also explained that federal district courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution or by Congress. U.S. Const. Art. III, § 2; Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994); Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer federal question and diversity jurisdiction, respectively. Statutes that regulate specific subject matter may also confer federal jurisdiction. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Fed. Civ. Proc. Before Trial (2008) § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a district court lacks jurisdiction. Bell v. Hood, 327 U.S. 678, 682 (1945). A federal claim that is

so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. Hagans v. Lavine, 415 U.S. 528, 587-38 (1974). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.").

In addition, plaintiffs were advised that, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must establish the court's jurisdiction, identify the defendants, state the relief sought, and give fair notice of the claims to the defendants. See Fed. R. Civ. P. 8(a) (providing that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). See also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In her motion to dismiss the original complaint, defendant Balter argued persuasively that plaintiffs' initial pleading was unintelligible, that plaintiffs cited numerous rules and statutes without presenting any factual allegations which would either serve to notify her of what plaintiffs were alleging against her or establish that she was liable to them under any legal theory alluded to by citation. The undersigned determined that plaintiffs' original pleading failed to notify the defendants of the claims asserted and failed to allege any cognizable legal theory or sufficient facts to support a cognizable legal theory against any of the defendants. In the absence of specific allegations concerning each defendant's actions or conduct, the court found it impossible to determine why each defendant had been sued and whether either plaintiff might be entitled to any form of relief from any defendant.

Although plaintiffs alleged that they are victims of violations of state and federal laws, they failed to identify the laws violated by specific defendants, and they failed to set out facts concerning the alleged violations. Moreover, plaintiffs' allegations were made against "defendants" in general despite the fact that more than sixty defendants were listed in the caption

of the complaint. Plaintiffs asserted jurisdiction based on federal question arising under the Civil Rights Act of 1964 but did not identify specific federal statutes or constitutional provisions giving rise to federal question jurisdiction under the Act. In a summary paragraph at the end of their complaint, plaintiffs listed jurisdictional statutes and cited Title 18, RICO, and the First and Fourteenth Amendments but did not provide a short and plain statement of claims showing that either plaintiff is entitled to relief under these provisions on any claim against any defendant.

The February 24, 2009 order also explained that the Civil Rights Act of 1964 provides that

> [e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish that the element exists. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 requires a link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a

named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court explained to plaintiffs that their initial pleading failed to allege facts demonstrating that each defendant acted under color of state law and that if plaintiffs wished to pursue § 1983 claims against the ACLU defendants and the Dick James defendants, for example, plaintiffs must allege facts showing that these defendants were acting under color of law. Plaintiffs were advised that, as to all defendants, the original complaint failed to allege specific facts concerning each defendant's violation of plaintiffs' rights and failed to explain how any conduct complained of resulted in a deprivation of each plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

The court advised plaintiffs that their amended complaint must contain factual allegations that are succinct yet sufficient to show that particular acts by each defendant resulted in a violation of plaintiffs' federal rights. Plaintiffs were instructed to allege in specific terms how each named defendant was involved with the violation of their rights, to identify the federal rights violated by each defendant, and to clarify whether each defendant violated plaintiff Arunga's rights or plaintiff Lee's rights, or the rights of both of them. Plaintiffs were cautioned that if they allege that a defendant violated the rights of both of them, the pleading must include factual allegations that support such a claim.

Turning to the amended complaint, the court notes that the pleading is presented as a first amended complaint for crime claims, civil rights claims, and tort claims. The caption enumerates 74 defendants, but some of the numbered entries list multiple names. Plaintiffs refer to defendants 1-7 as the ACLU defendants. Defendants 8-50, 58-63, and 72-73 are referred to as SPL, i.e., Sacramento Public Library, defendants. Defendants 51-57 are referred to as DJA, i.e.,

Dick James Associates, defendants.  The DJA defendants, along with defendants 67-69 and 71, appear to have been sued in connection with plaintiffs' housing.  Defendant 65 constitutes plaintiffs' flawed attempt to join as defendants in this action two magistrate judges, two district judges, an appellate judge, and a court employee, all of whom are described by plaintiffs as "tortious defendants."  Defendants 64 and 66 are individuals referred to as both ACLU and SPL defendants.  Defendant 70 is a pharmacy described as a "prescription malpracticing [sic] defendant," and defendant 74 is an individual described as an "extortion defendant."  Despite the fact that many or most of these defendants have no apparent connection with the other defendants, plaintiffs characterize all 74 defendants as "a class of 74 nationwide organized violators of state and federal laws."

       Plaintiffs' first amended complaint presents a list of federal constitutional and statutory provisions, asserts diversity jurisdiction despite the fact that plaintiffs and most of the defendants share California citizenship, offers generalities concerning groups of defendants, and concludes with a prayer for billions of dollars in actual and punitive damages.  Plaintiffs' scanty allegations against the ACLU defendants are vague and fail to state any cognizable claim.  The few facts alleged about the DJA defendants fail to state a plausible claim of race discrimination in violation of the Fair Housing Act.  The conclusory allegations regarding the SPL defendants fail to state a plausible claim of race discrimination, retaliation, or harassment by any defendant or group of defendants.  Finally, plaintiffs' allegations regarding obstruction of justice are virtually incomprehensible.  To the extent that plaintiffs complain of clerical and judicial actions taken in this case, plaintiffs' remedy is to pursue an appeal at the appropriate time.

       Despite the information, advice, and directions provided by the court, plaintiffs have filed an amended pleading as defective as their original pleading.  Plaintiffs have failed to allege sufficient facts to support any cognizable legal theory against any defendant.  In the absence of specific allegations concerning each defendant's actions, plaintiffs have failed to notify the defendants of the claims against them and have failed to establish that the defendants may be

liable to plaintiffs under any legal theory suggested by plaintiffs' lists of constitutional and statutory provisions. In particular, the amended complaint fails to allege facts demonstrating that all defendants were acting under color of state law and fails to link each defendant to the alleged deprivations of rights.

Plaintiffs' amended complaint also fails to allege sufficient facts to state any claim to relief that is plausible on its face. In reaching this conclusion, the undersigned has held plaintiffs' pro se pleading to a less stringent standard but has not accepted as true plaintiffs' conclusory allegations, unreasonable inferences, and unwarranted deductions of fact.

The undersigned has considered whether plaintiffs' amended complaint should be dismissed with leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In the instant case, the undersigned finds that it would be futile to grant plaintiffs further leave to amend. The defects of the amended complaint with regard to diversity jurisdiction are not curable by amendment, and it does not appear that plaintiffs can cure the defective civil rights claims against defendants who were not acting under color of state law. In light of plaintiffs' inability or unwillingness to heed the court's advice and directions, it appears that it would be futile to grant plaintiffs leave to amend the remaining claims. The undersigned will therefore recommend that plaintiffs' first amended complaint be dismissed without leave to amend a second time.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' first amended complaint be dismissed without leave to amend and that this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file and

1  serve written objections.  A document containing objections should be titled "Objections to
2  Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and
3  filed within ten days after service of the objections.  The parties are advised that failure to file
4  objections within the specified time may, under certain circumstances, waive the right to appeal
5  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: June 12, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.prose/arunga2525.f&r.dism